UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-BC4 | ) ) ) ) ) |
| | No. 13-C-7301 |
| Plaintiff, | ) ) |
| v. | ) Judge Rebecca R. Pallmeyer |
| JOSE ARAGON, ELIZABETH ARAON | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff U.S. Bank National, as Trustee for Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series (2007-BC4), seeks to foreclose on a home located in Alsip, Illinois, owned by Jose and Elizabeth Aragon. Plaintiff alleges that Defendants have been in default since January 2013. Plaintiff has moved for summary judgment [19] and for the appointment of a special commissioner [22]. For the reasons below, Plaintiff's motions are granted.

## BACKGROUND

**I.    Local Rule 56.1**

The facts in this section are taken from U.S. Bank National's statement of undisputed material facts. (Pl.'s R. 56.1 Stmt. of Undisputed Facts [20], hereinafter "Pl.'s 56.1.") Defendants have filed a memorandum in response to the motion for summary judgment, but it is not supported by a statement admitting or disputing any of these facts, as required by Local Rule 56.1(b)(3). As that Rule explains, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C). "[D]istrict judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *Setvo v. Frasor,*

662 F.3d 880, 886–87 (7th Cir. 2011); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir.2009). The court therefore treats these facts as undisputed.

## II.     Undisputed Facts

On March 22, 2007 BNC Mortgage, Inc. ("BNC") lent Jose $199,665.00, which Jose Aragon agreed to repay, plus interest at a rate of 9.65% annually. (Pl.'s 56.1 ¶¶ 5, 7.) In exchange, Mr. Aragon executed a mortgage agreement on a property in Alsip, Illinois in favor of BNC and agreed to pay taxes, insurance, any other escrow expenses, and attorneys' fees and costs incurred in any foreclosure proceedings. (Pl.'s 56.1 ¶¶ 6–7, 13–14.) BNC perfected its interest by recording the mortgage with the Cook County Record of Deeds on April 16, 2007. (Pl.'s 56.1 ¶ 9.)

The Aragons' payments were due on the first of each month beginning on May 1, 2007; they did make regular payments until January 2013, but have not made a payment since then. (Pl.'s 56.1 ¶¶ 8, 15, 19.) On April 25, 2013, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC, executed an Assignment of Mortgage to Plaintiff. The total amount due under the Mortgage and Note as of March 6, 2014 is $219,456.23, with interest accruing on the unpaid balance at $51.14 per day. (Pl.'s 56.1 ¶ 21.) Plaintiff has incurred attorneys' fees of $2,197.50.

Jurisdiction is proper under 28 U.S.C. § 1332. The parties are diverse in citizenship: Plaintiff U.S. Bank National Association is chartered under the laws of Ohio where its headquarters and principal place of business are located. (Pl.'s 56.1 ¶ 2.) Defendants Jose Aragon and Elizabeth Aragon are citizens of Illinois. (Pl.'s 56.1 ¶ 3.) The amount in controversy, at least $219,456.23, exceeds the jurisdictional requirement. Plaintiff has moved for summary judgment and to appoint a special commissioner.

## **DISCUSSION**

The court will grant summary judgment where the moving party demonstrates that "there is no genuine dispute as to any material fact," and that the moving party "is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(a). The court will "construe the facts and draw all reasonable inferences in favor of the non-moving party." *Ferraro v. Hewlett–Packard Co.,* 721 F.3d 842, 847 (7th Cir. 2013). "Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch,* 698 F.3d 561, 564 (7th Cir. 2012). In order to show the absence of any issue of material fact, the moving party may rely on "materials in the record, including . . . affidavits or declarations . . . or other materials," so long as the evidence relied upon is admissible in evidence. FED. R. CIV. P. 56(c)(1)(A), (2).

Defendants do not dispute liability on the Note. The only defense they have asserted to this action is a contention that Plaintiff's Affidavit of Amounts Due and Owing (Aff. of Amounts Due and Owing, Ex. D to Pl.'s 56.1 [25-5]), does not comply with Illinois Supreme Court Rules 113 and 191. Rule 113 requires that an affidavit submitted in support of an entry of judgment of foreclosure must include "[a]n identification of the books, records, and/or other documents . . . that the affiant reviewed and/or relied upon," and in cases where the defendant files an appearance, "[t]he payment history must be attached to the affidavit." ILL. SUP. CT. R. 113(c)(2)(ii). Rule 191 requires that affidavits in support of summary judgment "shall be made on the personal knowledge of the affiants . . . [and] shall have attached thereto sworn or certified copies of all papers upon which the affiant relies . . . ." ILL. SUP. CT. R. 191(a).

**II.     Applicable Law**

As noted, this case is before the court pursuant to the court's diversity jurisdiction. *See* 28 U.S.C. § 1332. In diversity cases, the court applies federal procedural law and state substantive law. *Hanover Ins. Co. v. N. Bldg. Co.,* 751 F.3d 788, 792 (7th Cir. 2014). Defendants are thus not correct in insisting that Plaintiff must comply with Illinois Supreme Court Rules that govern foreclosure in Illinois state courts. The Illinois Supreme Court Rules are "the *procedural* rules of the Illinois courts, and thus do not set out *substantive* law which the federal courts must follow when sitting in diversity." *Bachenski v. Malnati,* 11 F.3d 1371, 1380 (7th Cir.

3

1993) (emphasis in original).  It makes no difference to this court's analysis whether the Affidavit of Amounts Due and Owing complies with the Illinois Rules Defendants identify because the Federal Rules of Civil Procedure govern.

Under those rules, affidavits in support of summary judgment must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. PRO. 56(c)(4). The Affidavit of Amounts Due and Owing submitted by Plaintiff in this case meets these requirements:  The affiant, Dominique Sciull-Craig, avers her competency to testify and personal knowledge based on her review of the payment history records, and other documents, which are attached to the affidavit.  The facts that are set out in the affidavit are admissible, and the documents attached to the affidavit—largely generated by a software program that tracks payment history—fall into the business records exception to the hearsay rule.  Defendants object to the court's consideration of those documents, but the records are admissible even though Ms. Sciull-Craig did not prepare them herself.  *See* 4 Christopher B. Mueller & Laird C. Kirkpatrick, FEDERAL EVIDENCE § 8:78, 715–718 (3d ed. 2007) ("[U]nder the business records exception to the hearsay rule . . . it is not fatal [to admissibility] that the foundation witness did not himself prepare the record.").  Defendants have raised no other objections or defenses to the foreclosure, and accordingly, Plaintiff's motion for summary judgment is granted.

**CONCLUSION**

Plaintiff's motion for summary judgment is granted [19]. A judgment of foreclosure is entered in favor of Plaintiff, and the court enters an award of $219,456.23 plus interest of $51.14 per day after March 6, 2014, and attorneys' fees and costs in the amount of $2,197.50. Furthermore, for the purposes of sale, the court also grants Plaintiff's motion to appoint a special commissioner [22] and appoints the Judicial Sales Corporation as Special Commissioner for the purposes of conducting a public foreclosure sale of the subject property.

ENTER:

Date: March 13, 2015

_____
REBECCA R. PALLMEYER
United States District Judge